IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ORLANDO LEE UPSHAW, # 247061, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:09cv280-TMH |
| | ) | (WO) |
| J.C. GILES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION AND PROCEDURAL HISTORY**

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

brought by a person in custody under a judgment of a court of the State of Alabama.  The

petitioner, Orlando Lee Upshaw ("Upshaw"), challenges his 2006 conviction by a jury in the

Russell County Circuit Court, for unlawful possession of a controlled substance (cocaine),

a violation of § 13A-12-212(a)(1), Ala. Code 1975.  On October 17, 2006, the trial court

sentenced Upshaw as a habitual offender to 20 years in prison.

**A.      State Court Proceedings**

Upshaw appealed his conviction, arguing that the trial court erred by allowing him to

represent himself at trial without first advising him of the pitfalls of self-representation, as

required under *Faretta v. California*, 422 U.S. 806 (1975), for a knowing and voluntary

waiver of the right to counsel.[1]  *Exhibit B, pp. 8-13*.[2]  On August 31, 2007, the Alabama Court of Criminal Appeals affirmed Upshaw's conviction in a published opinion.  *Exhibit D; see also Upshaw v. State*, 992 So.2d 57 (Ala. Crim. App. 2007).  The state appellate court found that there was no error in the trial court's failure to advise Upshaw of the pitfalls of self-representation pursuant to *Faretta*, because Upshaw had a "hybrid" form of representation at trial in which his appointed counsel maintained the lead role in the representation.  *Upshaw*, 992 So.2d at 58-60.  The appellate court also found that Upshaw had waived his right to self-representation (obviating the requirement of a *Faretta* colloquy) by failing to make a timely request to represent himself.  *Upshaw*, 992 So.2d at 60-61.

Upshaw filed an application for rehearing with the Alabama Court of Criminal Appeals, which that court denied on October 26, 2007.  *Exhibits E and F.*  He then filed a petition for a writ of certiorari with the Alabama Supreme Court, which that court initially granted, before quashing the writ on March 21, 2008.  *Exhibits G, H, and J.*

On December 9, 2008, Upshaw filed a *pro se* state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure, in which he argued that his trial

---

[1]In *Faretta*, the United States Supreme Court concluded that implicit with the Sixth Amendment's right to counsel is a right to self-representation and that a defendant could not be compelled to accept assistance of counsel.  422 U.S. at 819, 833–34.  The Supreme Court also concluded that, to invoke the self-representation right, a defendant must "knowingly and intelligently" waive his right to counsel, because in representing himself he is relinquishing many of the benefits associated with the right to counsel.  *Id.* at 835.  Therefore, the trial court should undertake a colloquy with the defendant to make the defendant aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open."  *Id*.

[2]Unless otherwise noted, all references to exhibits are to Respondents' Exhibits.

counsel was ineffective because (1) she failed to advise him of the pitfalls of self-representation and (2) she allowed him to be sentenced as a habitual offender, even though he had fully served his sentence on his previous conviction. *Exhibit L, pp. 7-10.* On March 13, 2009, the trial court entered an order denying Upshaw's Rule 32 petition. *Id. at p. 15.* The record does not indicate, and Upshaw does not allege, that he appealed the trial court's denial of his Rule 32 petition.

**B.      § 2254 Claims**

On April 1, 2009, Upshaw initiated this 28 U.S.C. § 2254 action by filing a habeas petition in which he asserts the following claims:

1.      The trial court erred by allowing him to represent himself at trial without first advising him of the pitfalls of self-representation.

2.      His trial counsel was ineffective because she failed to advise him of the pitfalls of self-representation.

*Upshaw's § 2254 Petition - Doc. No. 1 at p. 5.*

The respondents argue that Upshaw's claim that the trial court erred by failing to advise him of the pitfalls of self-representation is procedurally barred because the last state court entering judgment denied the claim on the basis of Upshaw's failure to substantially comply with a state procedural rule; i.e., Upshaw failed to present the claim to the trial court, meaning the claim was not preserved for review on direct appeal. *Respondents' Answer - Doc. No. 12 at pp. 6-9.* The respondents further argue that, in any event, Upshaw's claim does not entitle him to relief in this court because it was properly adjudicated on the merits

3

by the state courts. *Id. at pp. 9-11.*

As for Upshaw's claim that his counsel was ineffective for failing to inform him of the dangers of self-representation, the respondents argue that this claim is procedurally defaulted because it was not presented to the state courts in accordance with the requirements of the state's procedural rules; i.e., Upshaw failed to appeal the trial court's denial of the Rule 32 petition in which he presented the claim. *Id. at pp. 11-13.*

The matter is now before this court on Upshaw's § 2254 petition, the respondents' answer, responses and exhibits filed by the parties, the state court records, various appellate briefs filed by the parties, and opinions and orders of the state appellate courts.  Upon a careful review of the petition and record, this court finds that an evidentiary hearing is not warranted on the issues, *see* 28 U.S.C. § 2254(e)(2), and concludes that the petition should be denied.

## II.   DISCUSSION

### A.   *Claim One:  Trial Court's Failure to Advise Upshaw of the Pitfalls of Self-Representation*

As indicated above, the respondents argue that Upshaw's claim that the trial court erred by failing to advise him of the pitfalls of self-representation is procedurally barred because the last state court entering judgment denied the claim on the basis of Upshaw's failure to substantially comply with a state procedural rule.[3]  *See Harris v. Reed*, 489 U.S.

---

[3]"Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, (continued...)

255, 260 (1989); *Bailey v. Nagle*, 172 F.3d 1299, 1304-05 (11th Cir. 1999).  Specifically, the respondents argue that the Alabama Court of Criminal Appeals found that Upshaw failed to present this claim to the trial court and therefore did not preserve the claim for review on direct appeal.  *Respondents' Answer - Doc. No. 12 at pp. 6-9.*  The respondents maintain that the Alabama Supreme Court subsequently quashed a writ for certiorari review it had initially granted in Upshaw's case, based on a finding (purportedly like that of the Alabama Court of Criminal Appeals) that Upshaw had procedurally defaulted his claim by failing to present it to the trial court.  *Id*.  Finally, the respondents further argue that even if this claim is not procedurally barred, it does not entitle Upshaw to federal habeas relief because it was properly adjudicated on the merits by the state courts.  *Id. at pp. 9-11.*

The Alabama Court of Criminal Appeals' opinion on direct appeal reads, in relevant part, as follows:

> Upshaw's only argument on appeal is that the circuit court erred in allowing him to represent himself without first advising him of the "pitfalls of

---

[3](...continued)
and that bar provides an adequate and independent state ground for denying relief."  *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992)

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.  *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935).  Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977),] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision.  In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

self-representation as required for a knowing and voluntary waiver of his right to counsel." (Upshaw's brief at p. 8.) Upshaw argues that this is a jurisdictional issue that can be raised at any time.

The record shows that on September 19, 2006, Upshaw's trial began in the circuit court. After a jury was sworn and the first witness had testified, Upshaw moved that he be allowed to represent himself. The following occurred:

> "The Court: Mr. Upshaw has made known to the Court through [his attorney] that he wishes to represent himself in this matter, and I've directed that [his attorney] be at the counsel table to assist him at any time during the course of the trial. Since the trial has undergone, she has participated in the trial and has been conferring with her client and is trying to pass on his requests to the Court and also interviewing the witnesses on his behalf."

(R. 38-39.)

The United States Supreme Court in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), held that a defendant has a constitutional right to represent himself in a criminal case.[1] In *Tomlin v. State*, 601 So.2d 124 (Ala. 1991), the Alabama Supreme Court stated the following concerning *Faretta*:

> [[1.] The Alabama Supreme Court in *Ex parte Scudder*, 789 So.2d 837, 841 (Ala. 2001), held that "taken together, §§ 12-22-130 and 15-12-22(b) confer upon a defendant in a criminal case the right to represent himself on appeal if he desires to do so."]

> "In *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a defendant has a Sixth Amendment right to represent himself in a criminal case. In order to conduct his own defense, the defendant must 'knowingly' and 'intelligently' waive his right to counsel, because in representing himself he is relinquishing many of the benefits associated with the right to counsel. *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541. The defendant 'should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open."' *Faretta*, 422 U.S. at 835, 95

6

S.Ct. at 2541 (other citations omitted)."

601 So.2d at 128.  The requirements set out in *Faretta* have been incorporated into Rule 6.1(b), Ala.R.Crim.P., which provides, in pertinent part:

> "A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right.  At the time of accepting a defendant's waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings."

However, contrary to Upshaw's assertions, our review of the record shows that Upshaw was not allowed to represent himself without the aid of an attorney, but instead was granted a "hybrid" form of representation.  "Hybrid representation occurs when an accused represents himself and also has the assistance of appointed counsel in an advisory capacity or in conducting certain portions of the trial.  *See* 2 W. LaFave & J. Israel, *Criminal Procedure*, § 11.5(f) (1984)."  *Lucas v. State*, 645 So.2d 333, 333-34 n. 1 (Ala.Crim.App. 1994).

In *Christianson v. State*, 601 So.2d 512 (Ala.Crim.App. 1992), overruled on other grounds by *Ex parte Thomas*, 659 So.2d 3 (Ala.1994), we held that the failure to conduct the *Faretta* inquiry in a situation involving hybrid representation is not error if the defendant's role was limited.  We stated:

> "At trial, the appellant, who was represented by appointed counsel, participated in his own defense.  He asked a question during voir dire of the jury, conducted supplemental cross-examination of two witnesses, and made a closing argument.  On appeal, he claims that his participation may have prejudiced the jury against him.  Therefore, he argues, the court should have informed him of the dangers and disadvantages of self-representation pursuant to *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

> "This issue was never raised below and is not preserved for appellate review.  Furthermore, the inquiry mandated by

7

*Faretta* was not required here.

> "While a defendant has a Sixth Amendment right to be represented by counsel or to represent himself, Faretta, he does not have the right, under either the federal or state constitutions, to hybrid representation, *see McKaskle v. Wiggins*, 465 U.S. 168, 183, 104 S.Ct. 944, 953, 79 L.Ed.2d 122 (1984); *Holloway v. State*, 43 Ala.App. 153, 155, 182 So.2d 906, 908 (1965), cert. denied, 279 Ala. 688, 182 So.2d 910 (1966).

>> "'The constitutional rights to self-representation and representation by counsel are viewed as mutually exclusive, though the trial court may permit hybrid representation, in its discretion, as "a matter of grace."'

> "2 W. LaFave & J. Israel, *Criminal Procedure*, § 11.5(f) at 51-52 (1984) (quoting *State v. Melson*, 638 S.W.2d 342, 359 (Tenn. 1982), cert. denied, 459 U.S. 1137, 103 S.Ct. 770, 74 L.Ed.2d 983 (1983)).

> "Professor LaFave observes that '[a]llowing hybrid representation without an appropriate *Faretta* inquiry can create constitutional difficulties.' *Id*. at 19 n.48 (1991 Pocket Part). Those difficulties are presented in a case where the representation is nominally hybrid, but the defendant clearly 'pull[s] the lead oar,' *State v. Howard*, 668 S.W.2d 191, 195 (Mo.App. 1984), or where it is unclear whether the representation is hybrid, or pro se assisted by standby counsel, *Parren v. State*, 309 Md. 260, 523 A.2d 597 (1987). Neither situation was present here. The record demonstrates both that counsel was in charge of the litigation with the appellant's consent, and that the appellant's role at trial was limited and supplementary to his attorney's participation."

601 So.2d at 519-20.

Upshaw's request to represent himself came in the middle of the State's case-in-chief. Counsel had already represented Upshaw for months; she had conducted voir dire and opening argument; and she had cross-examined the

first State's witness.  Moreover, the record indicates that after the court allowed Upshaw to participate in his representation, he did not cross-examine a single State's witness.  Instead, he left cross-examination to defense counsel. (R. 45, 52, 63.)  Likewise, counsel – not Upshaw – moved for a judgment of acquittal. (R. 64-65.)  Counsel also conducted Upshaw's direct examination, when Upshaw testified in his own behalf, and presented closing argument. (R. 96.)  This was not a case where Upshaw "pulled the lead oar."

Moreover, Upshaw waived his right to self-representation by failing to assert it in a timely manner.  Though Alabama has not specifically addressed this issue, other jurisdictions agree that the right may be waived if not raised before "meaningful trial proceedings."[2]

[n2.  In *Arthur v. State*, 711 So.2d 1031, 1046 (Ala.Crim.App. 1996), we noted that the right to self-representation may be waived by electing to act as cocounsel.  The majority of our cases deal with situations where the defendants have fired their attorneys, then appear for trial without an attorney and the court forces them to proceed pro se without conducting a *Faretta* colloquy.  See our detailed discussion in *Harris v. State*, [Ms. CR-04-1617, March 23, 2007] — So.2d — (Ala.Crim.App. 2007).]

In *United States v. Young*, 287 F.3d 1352 (11th Cir. 2002), the United States Court of Appeals for the Eleventh Circuit held that the accused's right to self-representation was waived because it was not asserted until the jury had already been selected.  The court stated:

"In *Faretta v. California*, 422 U.S. 806, 817-18, 95 S.Ct. 2525, 2532, 45 L.Ed.2d 562 (1975), the Supreme Court held that the Sixth Amendment right to the assistance of counsel includes the right to represent oneself.  In making its pronouncement, the Court discussed the timeliness of a request to proceed pro se. The Court twice described the timing of Faretta's request to represent himself:  once that he requested it 'weeks before trial,' and once that he requested it 'well before the date of trial.'  422 U.S. at 835, 807, 95 S.Ct. at 2541, 2527.  The Court mentioned the timeliness of the request in both the opening paragraphs and the breadth with which the Court announced its decision.  *Id*. at 835-36, 95 S.Ct. at 2541.  Although the Court's holding did not specifically concern the timeliness of the defendant's request to proceed pro se, the Court did discuss the necessity that the request be timely.

"In discussing *Faretta*, other circuits have considered the timeliness of a defendant's request for self-representation. *See e.g., Buhl v. Cooksey*, 233 F.3d 783, 795 (3d Cir. 2000) (holding that a defendant's request for self-representation was timely because he first made it several weeks before trial and then reasserted the request the day before the trial began); *United States v. Walker*, 142 F.3d 103, 109 (2d Cir. 1998) (holding that a defendant's request for self-representation was untimely although he made it before empaneling of the jury because he asserted the request after nineteen days of voir dire); *Savage v. Estelle*, 924 F.2d 1459, 1463 n.7 (9th Cir. 1990) (noting that the defendant's request for self-representation was timely because he asserted it before voir dire and thus, before the jury was empaneled); *United States v. Lawrence,* 605 F.2d 1321, 1325 (4th Cir. 1979) (holding that a defendant's request for self-representation was untimely because he made it after the jury had been selected and before the trial court had sworn the jury).

"Our circuit, however, has not addressed the issue of timeliness of a pro se request in a case where a defendant asserts his right of self-representation after the parties have selected a jury.  Our predecessor, the Fifth Circuit, considered a case where the defendant asserted his right to proceed pro se before the empaneling of the jury. *Chapman* [*v. United States* ], 553 F.2d [886] at 888 [ (5th Cir. 1977) ].  In discussing the timeliness of Chapman's request, the court held that 'a demand for self-representation must be honored as timely if made before the jury is selected, absent an affirmative showing that it was a tactic to secure delay.' *Id*. at 887.  Subsequently, our circuit, in dicta, stated that '[s]everal courts, including our predecessor the Fifth Circuit, have held that a defendant's request to represent himself is timely if made prior to the jury's being selected or sworn.' *Horton v. Dugger*, 895 F.2d 714, 717 (11th Cir. 1990). The defendant in *Horton* asserted his right to self-representation after the parties had selected the jury and the trial judge had sworn the jury. Thus, *Horton*'s interpretation of *Chapman*'s holding had no bearing on the facts presented by that case because *Horton*'s request was untimely since it was asserted after the jury was empaneled and sworn.

"Following our precedent in *Chapman*, we conclude that
a defendant's request to proceed pro se is untimely if not made
before the jury is empaneled.  Accordingly, the district
court here properly denied Young's request to proceed pro se since he
made his request after the parties had selected the jury.
'[C]ourts must consider the fundamental nature of the right and
the legitimate concern for the integrity of the trial process.... If
there must be a point beyond which the defendant forfeits the
unqualified right to defend pro se, that point should not come
before meaningful trial proceedings have commenced.'
*Chapman*, 553 F.2d at 895.  In this case, the meaningful trial
proceedings commenced when the parties selected the jury;
therefore, Young's request for self-representation was
untimely."

287 F.3d at 1353-55.[3]

> [n3.  *See also State v. Walters*, 641 S.E.2d 758, 762 (N.C.Ct.App. 2007) ("[A]fter
> trial has begun with counsel, the decision whether to allow the defendant to proceed
> pro se rests in the sound discretion of the trial court."); *Mallory v. State*, 225
> Ga.App. 418, 422, 483 S.E.2d 907, 911 (1997) ("A defendant 'cannot frivolously
> change his mind in midstream by asserting his right to self-representation in the
> middle of his trial.'"); *United States v. Noah*, 130 F.3d 490, 497 (1st Cir. 1997)
> ("[A]lthough a criminal defendant's right to serve as his own attorney is absolute
> if invoked clearly and distinctly prior to the beginning of his trial, the right of
> self-representation becomes qualified once trial is under way."); *United States v.
> Lawrence*, 605 F.2d 1321, 1325 (4th Cir. 1979) ("[W]e think it is reasonable, and
> entirely compatible with the defendant's constitutional rights, to require that the
> right of self-representation be asserted at some time 'before meaningful trial
> proceedings have commenced,' and that thereafter its exercise rests within the
> sound discretion of the trial court.").]

Accordingly, the circuit court did not err in failing to conduct the
*Faretta* colloquy with Upshaw.  For the foregoing reasons, Upshaw's
conviction and sentence are affirmed.

*Upshaw*, 992 So.2d at 58-61 (footnotes from opinion contained internally within quoted

material).

## 1.   Respondents' Argument That Claim One Is Procedurally Barred

On direct appeal, the State of Alabama argued that Upshaw's claim that the trial court

erred by failing to advise him of the dangers of self-representation was not preserved for review, because the claim was not raised in the trial court. *Exhibit C, pp. 8-12*. The State cited *Baker v. State*, 933 So. 2d 406, 409 (Ala. Crim. App. 2005), and *Christianson v. State*, 607 So. 2d 512, 519 (Ala. Crim. App. 1992), in support of its contention that such a claim must be preserved in the trial court and cannot be presented for the first time on appeal. *Exhibit C, pp. 8-9*. In arguing that Upshaw's claim is procedurally barred for the purpose of federal habeas review, the respondents note that the Alabama Court of Criminal Appeals' opinion affirming Upshaw's conviction includes a citation to a portion of *Christianson* that states that because Christianson never presented the trial court in his case with the claim that it had erred by failing to inform him of the dangers of self-representation, the issue was not preserved for appellate review. *Respondents' Answer - Doc. No. 12 at pp. 6-8; see Upshaw*, 992 So. 2d at 59. However, when this statement from *Christianson* is read in the context of the entire appellate court opinion in Upshaw's case, which contains a lengthy assessment of the merits of Upshaw's claim and does not anywhere contain a clear finding indicating that Upshaw's claim was not preserved for appellate review, it is not evident to the undersigned that the appellate court, in Upshaw's case, rested its judgment as to this issue on a procedural default (i.e., based on Upshaw's failure to present this claim to the trial court).[4] Nor, based on the record, can the undersigned conclude with any confidence that the Alabama Supreme

---

[4]This does not appear to be a case where the state appellate court found that a claim was not properly preserved for appellate review and then, alternatively, addressed the merits of the claim. Rather, it appears that the appellate court sidestepped the question of whether Upshaw's claim was properly preserved for review and chose only to address the merits of his claim.

Court's subsequent quashing of the writ for certiorari it had initially granted was based on a determination by that court that Upshaw had procedurally defaulted his claim by failing to present it to the trial court.  Although the State of Alabama may have argued that the writ should be quashed on the ground that Upshaw's claim was not preserved for review, the record does not yield the clear inference that the Alabama Supreme Court's quashing of the writ was based on its acceptance of the State's preservation argument.

### 2.    The Merits of Claim One

Upon careful review of the record, the undersigned finds that Upshaw's claim that the trial court erred by failing to advise him of the dangers of self-representation was considered and denied on the merits by the Alabama Court of Criminal Appeals.  Thus, in order to obtain federal habeas relief on the basis of this claim, Upshaw must show that the state courts resolved his claims in a manner contrary to, or involving an unreasonable application of, federal law as established by United States Supreme Court precedent.   28 U.S.C. § 2254(d)(1) and (2).[5]  In *Williams v. Taylor*, 529 U.S. 362, 412 (2000), Justice O'Connor,

---

[5]28 U.S.C. § 2254(d) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)   resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or

(2)   resulted in a decision based on an unreasonable

(continued...)

writing for a majority of the Court, recognized that "§ 2254(d)(1) places a new constraint on

the power of a federal habeas court to grant a state prisoner's application for a writ of habeas

corpus with respect to claims adjudicated on the merits in state court."

>A state court decision is contrary to the Supreme Court's clearly
>established precedent (1) if the state court applies a rule that contradicts the
>governing law as set forth in Supreme Court case law, or (2) if the state court
>confronts a set of facts that are materially indistinguishable from those in a
>decision of the Supreme Court and nevertheless arrives at a result different
>from Supreme Court precedent. *See Williams v. Taylor*, 529 U.S. 362, 120 S.
>Ct. 1495, 1519-20, 146 L. Ed. 2d 389 (2000).
>
>A state court decision involves an unreasonable application of Supreme
>Court precedent "if the state court identifies the correct governing legal rule
>from [Supreme Court] cases but unreasonably applies it to the facts of the
>particular state prisoner's case." *Williams*, 120 S. Ct. at 1520. In addition, a
>state court decision involves an unreasonable application of Supreme Court
>precedent "if the state court either unreasonably extends a legal principle from
>[Supreme Court] precedent to a new context where it should not apply or
>unreasonably refuses to extend that principle to a new context where it should
>apply." *Id*.

*Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000).

It is the objective reasonableness, not the correctness *per se*, of the state court decision

that this court must decide. *See Williams*, 529 U.S. at 411; *Brown v. Head*, 272 F.3d 1308,

1313 (11th Cir. 2001). "Under § 2254(d)(1)'s 'unreasonable application' clause, ... a federal

habeas court may not issue the writ simply because that court concludes in its independent

judgment that the relevant state-court decision applied clearly established federal law

---

[5](...continued)
>determination of the facts, in light of the evidence presented in the
>State court proceedings.

erroneously or incorrectly.  Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411.  Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price v. Vincent*, 538 U.S. 634, 639 (2003).  The Supreme Court admonishes that such evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)." *Id*. at 636.

Here, the Alabama Court of Criminal Appeals found that there was no error in the trial court's failure to advise Upshaw of the pitfalls of self-representation pursuant to *Faretta*, because Upshaw had a hybrid form of representation at trial, in which his appointed counsel maintained the lead role. *See Upshaw*, 992 So.2d at 58-60.  After noting that there is no federal constitutional right to hybrid representation, *see McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984), and that *Farettta* does not require a trial court to permit hybrid representation, the state appellate court found that, although there was hybrid representation in Upshaw's case, Upshaw still had the benefit of counsel before and throughout his trial, and counsel maintained the lead role in representing Upshaw while Upshaw's own role was limited and

supplementary to his counsel's representation.  *Upshaw*, 992 So.2d at 59-60.  Thus, the state appellate court determined that the trial court was not required to warn Upshaw of the pitfalls of self-representation where he had the benefit of counsel.

Additionally, the state appellate court found that, in any event, Upshaw had waived his right to self-representation by failing to make a timely request to represent himself, rendering the requirements of *Faretta* inapplicable.  *Upshaw*, 992 So.2d at 60-61.  The appellate court noted that Upshaw's request to represent himself was not made until after the jury had been empaneled, after opening arguments had been presented, and after his counsel had cross-examined the first State's witness.  The appellate court reasoned that because Upshaw's request came after the trial proceedings had begun, he waived the self-representation rights recognized under *Faretta*.  *Id*.

For the same reasons found by the Alabama Court of Criminal Appeals, the undersigned finds that there was no reversible error in the trial court's failure to advise Upshaw of the dangers of self-representation and that Upshaw's constitutional rights were not violated.  In a recent unpublished opinion, the Eleventh Circuit Court of Appeals noted:

> Nothing in *Faretta* requires a trial court to grant a request for self-representation that is either untimely or likely to be disruptive to ongoing proceedings.  Indeed, by highlighting that the defendant in *Faretta* had made his request weeks before trial, the Supreme Court indicated that the timeliness of the invocation of the right to self-representation bears on whether a Sixth Amendment violation occurred.
>
> Notably, numerous courts construing *Faretta*, including this one, have concluded that the invocation of the right to self-representation must be timely and that the right may be curtailed or deemed waived once proceedings have

begun.  *See, e.g., United States v. Bankoff*, 613 F.3d 358, 372–74 (3d Cir. 2010); *Wood v. Quarterman*, 491 F.3d 196, 202 (5th Cir. 2007); *United States v. Edelmann*, 458 F.3d 791, 808–09 (8th Cir. 2006); *Marshall v. Taylor*, 395 F.3d 1058, 1060–61 (9th Cir. 2005); *United States v. Young*, 287 F.3d 1352, 1353–55 (11th Cir. 2002); *United States v. Martin*, 25 F.3d 293, 295–96 (6th Cir. 1994); *United States v. Mayes*, 917 F.2d 457, 462 (10th Cir. 1990); *United States v. Gillis*, 773 F.2d 549, 559 & n.14 (4th Cir. 1985); *United States v. Brown*, 744 F.2d 905, 908 (2d Cir. 1984); *Parker v. State*, 455 So.2d 111, 112 (Ala. Crim. App. 1984); *see also Martinez* [*v. Court of Appeal*], 528 U.S. [152,] at 161–62, 120 S.Ct. [684,] at 691 [(2000)] (noting that "most courts" require the defendant to elect to conduct his own defense "in a timely manner").

*Williams v. Hooks*, 408 Fed.Appx 307, 310-11 (11th Cir. 2001) (unpublished).

Upshaw has failed to establish under the "contrary to" clause of § 2254(d)(1) that the Alabama Court of Criminal Appeals applied a rule that contradicts the governing law as set forth in Supreme Court case law, or that the state court decided the case differently than the Supreme Court did in a previous case presenting a set of materially indistinguishable facts. Likewise, he has failed to establish under the "unreasonable application" clause that the state court, though recognizing the correct governing principles from the Supreme Court's decisions, unreasonably applied those principles to the facts in this case.  Moreover, Upshaw has failed to establish entitlement to relief under § 2254(d)(2) by showing that the decision of the Alabama Court of Criminal Appeals was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This court must presume as correct the determinations of all factual issues made by the state court.  28 U.S.C. § 2254(e).  Upshaw has not rebutted that presumption of correctness by clear and convincing evidence.  Therefore, his request for habeas relief on the basis of this claim is due to be

denied.

**B.     Claim Two:  Counsel's Ineffective Assistance for Failure to Advise Upshaw
of the Pitfalls of Self-Representation**

**1.     Procedural Default**

Upshaw also presents a claim that his counsel was ineffective for failing to advise him

of the dangers of self-representation.  *Upshaw's § 2254 Petition - Doc. No. 1 at p. 5.*  The

respondents correctly argue that this claim is procedurally defaulted because Upshaw failed

to present the claim to the state courts in accordance with the State's applicable procedural

rules and no state remedy remains by which he may now present such a claim.  *Respondents'*

*Answer - Doc. No. 12 at pp. 11-13.*

Upshaw did not appeal the trial court's denial of the Rule 32 petition in which he

presented his claim of ineffective assistance of counsel.  Therefore, he failed to exhaust this

claims in the state courts.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate

prisoners must give the state courts one full opportunity to resolve any constitutional issues

by invoking one complete round of the State's established appellate review process,"

including review by the state's court of last resort, even if review in that court is

discretionary.); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) ("Nothing in *Boerckel's*

reasoning suggests that a different rule should apply in state post-conviction appeals as

opposed to direct appeals."); *Smith  v.  Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001)

("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions

within the scope of the *Boerckel* rule.").  However, no state remedy remains by which

Upshaw may now present his ineffective-assistance-of-counsel claim, because any attempt by Upshaw to exhaust this unexhausted claim in state court would be barred by applicable state procedural rules.  It is too late for Upshaw to appeal the denial of his Rule 32 petition, and another Rule 32 petition asserting this claim would be barred as a successive petition, *see* Ala.R.Crim.P. 32.2(b) and 32.2(d), as well as an untimely petition, *see* Ala.R.Crim.P. 32.2(c).  "It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure ... constitutes a procedural bar."  *McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005).  *See Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when a petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted); *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999) ("[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile."); *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [federal courts must] ... treat those claims now barred by state law as [procedurally defaulted with] no basis for federal habeas relief.").

This court may reach the merits of Upshaw's procedurally defaulted claims "only in two narrow circumstances.  First, a petitioner may obtain federal review of a procedurally

19

defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); [*Wainwright v.*] *Sykes*, 433 U.S. [72,] 87 [(1977) ].... Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96. A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*." *Henderson*, 353 F.3d at 892.

### 2.    Cause and Prejudice

"To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id*.; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir. 2002).

*Henderson*, *supra*, 353 F.3d at 892.

"For cause to exist, an external impediment, whether it be governmental interference or the reasonable availability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Upshaw makes no attempt to meet his burden of establishing cause for his procedural default. Consequently, he has failed to overcome the procedural default of his claims. Nevertheless, this court may still reach the merits procedurally defaulted claims in order to prevent a

fundamental miscarriage of justice.

### 3. "Fundamental Miscarriage of Justice" Standard

A federal court may grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray v. Carrier,* 477 U.S. 478, 495-96 (1986). A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *See Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

The miscarriage of justice standard is directly linked to actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *Schlup v. Delo*, *supra*. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The standard exacted by *Schlup* "is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims." 547 U.S. at 537. "It is important to note in this regard that

'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324.

Upshaw fails to make the requisite showing, and indeed makes no attempt to do so. He makes only the conclusory assertion that he "'innocent' of the crime for which he stands convicted." *Doc. No. 15, p. 3.* He presents no evidence – nor suggests that any exists – that could satisfy the difficult standard set forth in *Schlup*. Consequently, his procedurally defaulted claim is foreclosed from federal habeas review.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief filed by Upshaw be DENIED.

2.  This case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before June 30, 2011. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 13th day of June, 2011.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

23